**RESOLUTION TRUST CORPORATION,**
**Petitioner,**

v.

**Jon BURKE, Robert B. Gillam, and**
**Eugene Reed, Respondents.**

**Misc. No. 94–289 (CRR).**

United States District Court,
District of Columbia.

Jan. 30, 1995.

**24**

Suzanne Rigby, of Resolution Trust Corp., and Nancy R. Grunberg, of Fields & Director, Washington, DC, for petitioner.

Marcus S. Topel and Donald M. Horgan, of Topel & Goodman, San Francisco, CA, for respondent Robert B. Gillam.

Peter S. Modlin and Robert J. Breakstone, of Landels, Ripley & Diamond, San Francisco, CA, for respondents Jon Burke and Eugene Reed.

Cary M. Feldman, of Scwalb, Donnenfeld, Bray & Silbert, Washington, DC, local counsel, for respondents.

### ORDER

CHARLES R. RICHEY, District Judge.

Before the Court are Resolution Trust Corporation's Motion for Reconsideration of the Granting of Respondent Gillam's Motion to Stay and Respondent Gillam's Opposition thereto. Respondents Jon Burke and Eugene Reed have also filed a Notice of Appeal and a Motion to Stay Enforcement of Modified Administrative Subpoena Duces Tecum, which the Resolution Trust Corporation ("RTC") opposes. Upon careful consideration of the pleadings, the relevant law, and the entire record in this case, the Court shall grant the RTC's Motion for Reconsideration and vacate its stay Order entered on December 22, 1994 as to Respondent Gillam. For the same reasons, the Court shall deny the Motion of Respondents Burke and Reed to Stay Enforcement of the Modified Subpoena Duces Tecum.

■ Both pending motions raise the same issue, namely, whether a stay of the RTC's enforcement of the modified subpoena *duces tecum* is warranted here. The general factors to be considered in addressing this issue are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 842–43 (D.C.Cir.1977).

Although the Respondents address each of the above-mentioned factors in their briefs, they fail to meet the threshold requirement of showing the likelihood of success on the merits. As the RTC points out, notwithstanding a showing that the "other three factors strongly favor interim relief," an appellant still must present at a minimum a "substantial case on the merits." *Holiday Tours*, 559 F.2d at 843. Although the Court's initial grant of Respondent Gillam's Motion to Stay stemmed largely from his claim that irreparable injury would result from enforcement of the subpoena prior to appellate review, the Court, upon reconsideration of the record and the relevant law, cannot overlook the strong precedent supporting its decision to enforce the modified subpoena in the face of "no case law supporting [the Respondents'] contention that the information sought is not reasonably rele-

vant...." *RTC v. Burke,* 869 F.Supp. 15, 20 (D.D.C.1994). Nor can the Court find a "serious" or "difficult" Fourth Amendment issue raised by the Respondents for appeal. *Holiday Tours,* 559 F.2d at 843–44.

 As the Respondents point out, the Court need not find that "ultimate success by the movant is a mathematical probability" and "may grant a stay even though its own approach may be contrary to [the] movant's view of the merits." *Id.* In this case, however, the Court finds the likelihood of success on the merits highly *im*probable in view of the holding in *RTC v. Walde,* 18 F.3d 943 (D.C.Cir.1994), which guided this Court's November 22, 1994 decision. Accordingly, because the Respondents' likelihood of success on appeal is *de minimis,* and because this factor is largely determinative under *Holiday Tours,* the Court shall not grant a stay as to Respondents Burke and Reed and shall vacate its stay Order as to Respondent Gillam.

In reaching this conclusion, the Court is particularly persuaded by the fact that, since the ruling in *RTC v. Walde,* the Court of Appeals for the District of Columbia Circuit has uniformly denied requested stays of RTC administrative subpoena enforcement orders for the same reason the Court finds pertinent here. *See RTC v. Frates,* No. 94–5251 (D.C.Cir. Order, October 28, 1994) ("[a]ppellant has not demonstrated the requisite likelihood of success on the merits to warrant the issuance of a stay pending appeal"), *reh'g denied,* (D.C.Cir. Order, December 1, 1994); *RTC v. Barton,* No. 94–7208 (D.C.Cir. Order, October 28, 1994) (same); and *RTC v. Schick,* No. 94–5331 (D.C.Cir. Order, November 21, 1994), *renewed motion denied,* (D.C.Cir. Order, December 29, 1994) (same). (Copies of these Orders are attached hereto and made a part hereof). Further, by merely referring to Respondent Gillam's initial Motion in their subsequent briefs, the Respondents fail to offer any means of distinguishing these cases from the case at bar. Indeed, the RTC contends that the orders of investigation and subpoenas in those cases were substantially similar to those initially presented to the Court in this case, while this Court's decision of November 22, 1994 to enforce the subpoena parallels the rulings in

the other three cases. Motion for Reconsideration at 5. Accordingly, no stay shall be granted or upheld in this case.

As the time period set forth in this Court's Order of November 22, 1994 for compliance with the subpoena *duces tecum,* as modified, has since passed, the Court shall direct the Respondents to comply with the same on or before 5:00 p.m. on February 9, 1995. As over two months have lapsed since the Court issued its November 22, 1994 Memorandum Opinion and Order, and in view of the RTC's representation that further delay will effectively deny the RTC of the full set of investigative information it sought to obtain prior to bringing civil actions against the Respondents, the Court finds that this additional amount of time for compliance with the subpoena *duces tecum* is fair and reasonable. Motion for Reconsideration at 7.

Accordingly, it is, by the Court, this 30th day of January, 1995,

ORDERED that Resolution Trust Corporation's Motion for Reconsideration of the Granting of Respondent Gillam's Motion to Stay shall be, and hereby is, GRANTED, as hereinafter provided; and it is

FURTHER ORDERED that the Court's Order entered December 22, 1994 granting Respondent Gillam's Motion to Stay shall be, and hereby is, VACATED; and it is

FURTHER ORDERED that the Motion of Respondents Jon Burke and Eugene Reed to Stay Enforcement of Modified Administrative Subpoena Duces Tecum, shall be, and hereby is, DENIED; and it is

FURTHER ORDERED that, pursuant to this Court's Memorandum Opinion and Order of November 22, 1994, the Respondents shall comply with the administrative subpoena *duces tecum,* as modified, on or before 5:00 p.m. on February 9, 1995.

Appendix

Resolution Trust Corporation

v.

Joseph A. Frates, Appellant.

No. 94–5251.

Oct. 28, 1994.

Before: WALD, HENDERSON and RANDOLPH, Circuit Judges.

*ORDER*

PER CURIAM.

Upon consideration of the motion to stay enforcement of administrative subpoena, the opposition thereto, the reply and supplement thereto; the motion of appellee Resolution Trust Corporation to expedite appeal, and the response thereto, it is

ORDERED that the motion for stay be denied. Appellant has not demonstrated the requisite likelihood of success on the merits to warrant the issuance of a stay pending appeal. *See Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C.Cir.1977); *Virginia Petroleum Jobbers Association v. FPC*, 259 F.2d 921 (D.C.Cir.1958). It is

FURTHER ORDERED that the motion to expedite be granted in part. Under 12 U.S.C. § 1821(q)(1) (West Supp.1994), this case must be heard within 120 days after the date of the notice of appeal, and decided within 180 days after the date of the notice of appeal. The notice of appeal is dated August 17, 1994, which would require the case to be heard by December 15, 1994, and decided by February 15, 1994. The court specifically finds that the ends of justice will be best served by allowing the parties sufficient time to brief the issues presented. Thus, the court will modify the date by which this case must be heard, as allowed by 12 U.S.C. 1821(q)(3) (West Supp.1994). The following briefing schedule, which may allow the case to be decided within the statutory deadline, shall apply:

| | |
|---|---|
| Appellant's Brief | November 23, 1994 |
| Appellee's Brief | December 14, 1994 |
| Reply Brief and Deferred Appendix | December 21, 1994 |
| Final Briefs | January 3, 1995 |

Dec. 1, 1994.

Before: EDWARDS, Chief Judge, WALD and BUCKLEY, Circuit Judges.

*ORDER*

PER CURIAM.

Upon consideration of appellant's petition for rehearing Frates' motion to stay, it is

ORDERED that the petition for rehearing is denied.

Resolution Trust Corporation

v.

Gerald G. Barton; Jack Golsen; Bernard G. Ille; Joseph Olree; Norman Peck; Peter Taylor–Kirwan, Appellants.

No. 94–7208.

Oct. 28, 1994.

Before: WALD, HENDERSON and RANDOLPH, Circuit Judges.

*ORDER*

PER CURIAM.

Upon consideration of the appellants' joint emergency motion to stay district court order granting appellee's petition for summary enforcement of administrative subpoena duces tecum, the opposition thereto, and the reply, it is

ORDERED that the motion for stay be denied. Appellants have not demonstrated the requisite likelihood of success on the merits to warrant the issuance of a stay pending appeal. *See Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C.Cir.1977); *Virginia Petroleum Jobbers Association v. FPC*, 259 F.2d 921 (D.C.Cir.1958). It is

FURTHER ORDERED, on the court's own motion, that this case be expedited in accordance with 12 U.S.C. § 1821(q)(1) (West Supp.1994). The following briefing schedule shall apply:

| | |
|---|---|
| Appellant's Brief | November 23, 1994 |
| Appellee's Brief | December 14, 1994 |
| Reply Brief and Deferred Appendix | December 21, 1994 |
| Final Briefs | January 3, 1995 |

The Clerk is directed to schedule this case for oral argument on the same day, and before the same panel, as *Resolution Trust Corp. v. Frates,* No. 94–5251.

Resolution Trust Corporation

v.

John C. Adams; W.R. McCain; Hutson E. McCorkle; Paul S. Mears, Sr., D.D.S.; William E. Owens; Solomon F. Schick, Appellant.

Robert M. Vickery; Mark B. Borseine; Samuel P. Bell, III; Alexander M. Kasten; Andrew O. Pittman; Richard L. Paul.

No. 94–5331.

Nov. 21, 1994.

Before: GINSBURG, SENTELLE and ROGERS, Circuit Judges.

*ORDER*

PER CURIAM.

Upon consideration of the emergency motion to stay district court order pending appeal and request for expeditious consideration, it is

ORDERED that the motion for stay be denied. Appellants have not demonstrated the requisite likelihood of success on the merits to warrant the issuance of a stay pending appeal. *See Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841, 843 (D.C.Cir.1977); *Virginia Petroleum Jobbers Ass'n v. FPC,* 259 F.2d 921 (D.C.Cir.1958).

Dec. 29, 1994.

Before: WILLIAMS, GINSBURG, and ROGERS, Circuit Judges.

*ORDER*

PER CURIAM.

Upon consideration of the renewed motion of Solomon F. Schick for stay pending appeal, and the response thereto, it is

ORDERED that the motion for stay be denied. Appellant has not demonstrated the requisite likelihood of success on the merits to warrant the issuance of a stay pending appeal. *See Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841, 843 (D.C.Cir.1977); *Virginia Petroleum Jobbers Ass'n v. FPC,* 259 F.2d 921 (D.C.Cir. 1958).